almost every description. Against this result society has the inherent right to protect itself—a right which antedates all constitutions and written laws—a right which springs out of the very foundations upon which the social organism rests; a right which needs no other justification for its existence or exercise than that it is reasonably necessary in order to promote the general welfare of the state."

Persons dealing in intoxicating liquors have no vested right in a jury trial in order to determine whether or not their place of business is a public nuisance. For such purpose an action in equity constitutes due process of law. Since the demurrer admitted the allegation of the complaint that defendants dealt in intoxicating liquors in violation of law in their club rooms, and since sec. 1563 declares every such place a public nuisance, the complaint stated a good cause of action and the demurrer was properly overruled.

*By the Court.*—Order affirmed.

―――――――――――

FAUST LUMBER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*May 3—May 23, 1916.*

*Appeal: Affirmance on equal division.*

A judgment of the circuit court affirming an award made by the industrial commission is affirmed on appeal, this court being equally divided.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Application under Workmen's Compensation Act by *Lena Koltz* for compensation for the death of her husband caused by the kick of a horse. Claimant was awarded $2,100 compensation, payable in weekly instalments. The employer, the *Faust Lumber Company,* appealed to the circuit court for

Dane county, and upon a hearing had the order of the *Industrial Commission* was affirmed.    The employer brings this appeal.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

For the respondent *Industrial Commission of Wisconsin* there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

*George J. Bowler,* for the respondent *Koltz.*    [No brief on file.]

ROSENBERRY, J.    Chief Justice WINSLOW and Justices SIEBECKER and VINJE are of the opinion that the judgment should be affirmed.    Justices MARSHALL, KERWIN, and the writer are of the opinion that the judgment should be reversed and a new hearing before the *Industrial Commission* directed.    This situation results in an affirmance of the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

---

MALLON, Appellant, vs. TONN, Respondent.

*May 3—May 23, 1916.*

*Libel and slander: Charging criminal offense: Illegal hunting of deer: Presumption as to place: Pleading: Amendment.*

1. A letter charging that plaintiff hunted deer during the closed season and demanding that he go to the county seat of a county in this state and settle therefor or he will be prosecuted, was libelous *per se* because charging a criminal offense, the presumption being that the hunting was done in this state.
2. Allegations in a complaint that at a certain place in a county in which it was unlawful at any time to hunt deer defendant